UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN BENNETT,

    Plaintiff,

v.                                            Case No. 6:07-cv-1923-Orl-31KRS

CITY OF COCOA POLICE
DEPARTMENT, et al.,

    Defendants.
_____

**<u>ORDER</u>**

This case is before the Court on Plaintiff's Appeal from the Magistrate Judge's February 4, 2008, Order denying his Motion to Proceed *In Forma Pauperis*. *See* Doc. No. 16. Pursuant to Rule 72 of the Federal Rules of Civil Procedure, within ten days after receiving a nondispositive order issued by a magistrate judge, a party may file objections to the order, and the district court must consider the "objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). In considering the objections, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(c).

Plaintiff asserts that the Magistrate Judge improperly denied his motion to proceed *in forma pauperis* because "he has no existing funds or assets of any degree." (Doc. No. 16. at 1.) Furthermore, he requests that this Court "acknowledge the fact that [he] has no existing funds nor assets of any degree." *Id.*

Upon review of the Magistrate Judge's February 4, 2008, Order, the Court notes that Plaintiff's motion to proceed *in forma pauperis* was denied without prejudice. (Doc. No. 15 at 2.)  The February 4, 2008, Order states, "Upon the timely filing of [Plaintiff's] prisoner account statement, the motion will be reconsidered." *Id.* at 3.  The Order additionally notified Plaintiff that

> [t]he complaint in the instant case was inadvertently filed in two separate cases, in this case and in Case Number 6:07-cv-1960-Orl-28UAM.  Because the instant case was the first filed, Case Number 6:07-cv-1960-Orl-28UAM was
> dismissed and closed. Accordingly, the instant action is the only one that Plaintiff has pending at this time in the United States District Court for the Middle District of Florida, Orlando Division.

*Id.* at n.4.

In the instant case, the proper financial documents have not been filed.  However, on February 13, 2008, in Case Number 6:07-cv-1960-Orl-28GJK, Plaintiff filed a financial statement that complied with the February 4, 2008, Order.  *See* Case No. 6:07-cv-1960-28GJK, Doc. No. 15-2.  Thus, Plaintiff filed the proper documents but in the wrong case.  Accordingly, it is hereby **ORDERED** as follows:

    1.    Plaintiff's Appeal (Doc. No. 16, filed February 28, 2008) is **DENIED** to the extent that at the time of the February 4, 2008, Order denying Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 15), the proper financial documents had not been filed in this case.

    2.    The **Clerk of Court** is directed to file document number 15-2 (Exhibit 1 to docket entry 15) and document number 9 (the Prisoner Consent Form) from Case No. 6:07-

cv-1960-28GJK in the instant case.

3.      Upon reconsideration, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 13) is **GRANTED** to the extent that the case may proceed without the prepayment of the filing fee.

4.      Because Plaintiff has less than a $10.00 balance in his prison trust fund account, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A).  However, Plaintiff is hereby assessed the total $350.00 filing fee in this case.

5.      As funds become available in Plaintiff's prison account, he shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account.  Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from his account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00.  These payments shall continue until the filing fee of $350.00 is paid in full.  The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto:

   (a)    the full name of the prisoner;

   (b)    the prisoner's inmate number (# 167238); and,

   (c)    Middle District of Florida Case Number (6:07-cv-1923-Orl-31KRS).

Checks or money orders which do not have this information will be returned to the penal institution.

4. Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him lapses in its duty to make payments on his behalf. For this reason, if Plaintiff is transferred to another jail or correctional institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this Order for this purpose.

5. The **Clerk of Court** shall **MAIL** a copy of this Order, the Prisoner Consent Form, and the February 14, 2008, Financial Statement to: Administrator of the Inmate Trust Fund Account, Ridgeland Correctional Institution, P.O. Box 2039, South Carolina, 29936.

**DONE AND ORDERED** at Orlando, Florida, this 11th day of March, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 3/11
Kevin Bennett